*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 7, 2016                    521844
_____

In the Matter of ARTHUR R.
    JOHNSON, Commissioner of
    Social Services of Broome
    County, as Guardian for
    JUANITA P., an Incapacitated
    Person,                                    MEMORANDUM AND ORDER
                      Appellant,

        v

FRANK BUONO,
                      Respondent.
_____

Calendar Date:  May 27, 2016

Before:  McCarthy, J.P., Rose, Devine, Clark and Aarons, JJ.

_____

        Arthur R. Johnson, Broome County Department of Social
Services, Binghamton (Philomena M. Stamato of counsel), for
appellant.

        Sheila Shea, Mental Hygiene Legal Service, Albany, for
respondent.

_____

Aarons, J.

        Appeal from an order of the Supreme Court (Guy, J.),
entered May 26, 2015 in Broome County, which, in a proceeding
pursuant to Mental Hygiene Law article 81, among other things,
awarded a money judgment to respondent on his counterclaim.

In August 2014, petitioner was appointed guardian of the person and property of Juanita P., an incapacitated person, in a proceeding under Mental Hygiene Law article 81. Earlier in the year, Juanita P. had rented an apartment from respondent that she vacated before eventually being placed in a nursing home. In December 2014, petitioner brought an application pursuant to Mental Hygiene Law § 81.43 for the discovery of property belonging to Juanita P. that was allegedly in respondent's possession. Respondent served a "notice of answer and counterclaim" seeking $3,263.03 for past due rent and damages to the apartment. Thereafter, following a nonevidentiary hearing, Supreme Court granted petitioner's application and ordered respondent to turn over petitioner's property, but also awarded respondent a money judgment against Juanita P. in the amount of $3,000 on his counterclaim. Petitioner now appeals.

Mental Hygiene Law § 81.43 provides a mechanism by which a guardian appointed in a Mental Hygiene Law article 81 proceeding may fulfill his or her duties of identifying and protecting the assets of an incapacitated person for that person's benefit (see Mental Hygiene Law §§ 81.20 [6] [ii], [iv]; 81.43 [a]). It is part of an overall statutory scheme that is remedial in nature and designed to assist persons in taking action through a representative that they could not otherwise take themselves because of their incapacity (see Mental Hygiene Law § 81.01; see generally Matter of Shah, 257 AD2d 275, 282 [1999], affd 95 NY2d 148 [2000]). Under Mental Hygiene Law § 81.43 (a), a guardian may, by way of petition, bring an application to discover property belonging to an incapacitated person that is being withheld by a respondent and the court may conduct an inquiry of the respondent to ascertain if such property is within his or her control. The statute provides that the respondent may serve an answer to the petition and that "[a]ny claim of title to or right to the possession of any property of the incapacitated person must be made by verified answer in writing" (Mental Hygiene Law § 81.43 [b]). It further states that, "[i]f such answer is interposed, the issues raised thereby shall be tried according to the usual practice of the court as a litigated issue" (Mental Hygiene Law § 81.43 [b]).

Here, although respondent claimed a right to Juanita P.'s property as an offset to past due rent and damages to the apartment, he did not serve a verified answer as required by statute (see Mental Hygiene Law § 81.43 [b]).  More significantly, Supreme Court did not treat the claim as a litigated issue as it failed to hear any testimony related to the claim or receive any documentary evidence substantiating the amount of respondent's damages.  While Supreme Court correctly noted to respondent that his avenue of recourse would be to commence a separate action at law and, in fact, granted respondent permission to do so, Supreme Court inexplicably, and contrary to what it stated to the parties at the hearing, awarded a money judgment in favor of respondent.  Based on the foregoing, this was error, and that part of the order that awarded a money judgment in favor of respondent must be reversed.

McCarthy, J.P., Rose, Devine and Clark, JJ., concur.


ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as awarded a money judgment to respondent against Juanita P. in the amount of $3,000 on his counterclaim, and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court